## E. H. HARGROVE v. MARY E. BASKIN, Adm'x.

1. CHANCERY PRACTICE — WHEN REAL ESTATE OF DECEDENT LIABLE TO BE SOLD. — When an administrator or executor ascertains the personal estate of a decedent to be insufficient, then he shall petition the court for a sale of the land. The heir or devisee must be made a party, and may contest the relief sought, by showing that there are no valid subsisting debts, or that there were once sufficient personal assets, which have been wasted by the executor or administrator, and legal remedies have been exhausted on his bond. Paine v. Pendleton, 32 Miss. R., 323.

2. SAME — POWER OF ADMINISTRATOR OVER IT. — Immediately upon the death of the ancestor the real estate descends to the heir, and as against him the liability of the land to be sold for the decedent's debts must be established in the mode pointed out by the statute. The administrator cannot interfere, nor has he any interest in or power over the land.

3. SAME — POWER OF CHANCERY COURT. — The chancery court has not the power under its equity jurisdiction, to reach the real estate of a debtor, except upon the predicate that the creditor had an equity in the form of a charge or incumbrance. If the charge or equity is created by statute, with a mode of procedure clearly defined, that remedy must be pursued. The creditor by judgment against the personal representative, acquires a lien on the assets in his hands. As against the real estate, the judgment confers no greater privilege than the note or bond upon which it was founded.

4. POWER OF JUDGMENT CREDITOR AGAINST A DECEDENT'S ESTATE. — A creditor having judgment against a decedent's estate, has not advanced a right to subject the land   Nor is he aided by the fact that the final process against the personal assets has been fruitless. That is a creditor's bill, proposing to withdraw the administration of the real assets from the statutory jurisdiction of the chancery court, to be dealt with under its general equity powers, which the law does not permit.

ERROR to the Chancery Court of Chickasaw County. Hon. AUSTIN POLLARD, Chancellor.

The opinion of the court contains a sufficient statement of the case.

*Tucker, Harper & Buchanan*, for plaintiff in error:

Contended that section 1148 of the Rev. Code of 1871 is merely cumulative, and does not interfere with other modes of proceeding

against the estates of decedents.    Independent of this statute, a creditor in behalf of himself and other creditors can file his bill to have the lands sold for the payment of debts.    If there has been no administration and no personal property it is unnecessary to make the administrator a party.    Code, § 977.

Chancery courts have jurisdiction in all matters of equity, and if the administrator refuses or neglects to sell the real estate for the payment of debts, or if from any cause there is no administration and the creditor cannot compel the administrator to do his duty, he has the right to set forth his claim in a court of equity, and that there is real estate in the hands of heirs belonging to the estate, subject to the satisfaction of debts; and it is a matter of equity that the land should be sold for the payment of his claim.

*Davis & McFarland*, for defendant in error:

At common law, as a general rule, upon the death of the ancestor, the lands descended to the heir, freed from his debts, excepting debts by specialty, or those in favor of which he had bound the land, or in which it was bound by operation of law.    2 Jarm. Wills, 364 *et seq.*    This rule was changed by statute to the extent that both real and personal property of the decedent were subject to the payment of debts.    But this change did not affect the necessity of applying and exhausting the personal property as the primary fund for the payment of debts.    That the personal property must be exhausted before the real estate can be resorted to is still recognized by statute and in practice.    Evans v. Fisher, 40 Miss., 643 : Rev. Code of 1871, §§ 1148–1152, 1158–1162.

SIMRALL, J., delivered the opinion of the court:

In October, 1869, E. H. Hargrove recovered a judgment against Mary E. Baskin, administratrix of I. H. Baskin, deceased, for $1,026.20, upon which execution was issued and returned "*nulla bona.*"    The original and amended bills against the administratrix and heirs of I. H. Baskin, deceased, allege that there is no personal property out of which the judgment can be satisfied ; there-

fore the complainant claims and prays that the real estate of which the intestate Baskin died seized, shall be sold, and the money applied to pay heirs, and all other creditors who will come in under the decree.    Upon demurrer, the bills were dismissed.

The question is, whether a creditor, who has recovered judgment against the administratrix, and has exhausted the legal means to procure satisfaction out of the personal estate, can proceed directly by bill in chancery, against the personal representative and heirs, to sell the lands and tenements to pay his own debt, or can such suit be sustained on behalf of himself, and others who may prove their debts, and contribute to the expenses of the suit.

Our statutes have made important changes in the common law, as to the liability of real estate for the debts of a testator, or intestate.    Personal assets rested in the personal representative, and were the only fund liable to creditors, except the decedent had bound his heir by specialty.    Such was the common law of England, until the statute of William and Mary, 3d and 4th chaps., 14. 47 George III, 1 George IV, and 1 William IV, subjected lands and tenements to the payment of debts generally, preserving, however, the right of priority to the specialty creditors.

The provision of statute law with us is, " the lands, tenements and hereditaments of the testator or intestate, shall also stand chargeable for the debts, over and above what the personal estate may be sufficient to pay."    "And may be subjected to the payment of debts in the manner hereinafter directed."    Code 1871, § 1134.    Full directions for such proceedings are given in sections 1148, 1449.    *    *    When the contingency shall have arisen, that is, the personal estate shall have been ascertained by the executor or administrator to be "insufficient," then he shall present a petition to the court for a sale of the land.    The heir or devisee must be made a party, and may contest the relief sought, by showing that there are no valid subsisting debts, or that there were once sufficient personal assets which have been wasted by the executor

or administrator ; and legal remedies have been exhausted on his bond.    Paine v. Pendleton, 32 Miss. Rep., 323 ; Ferguson v. Scott, (MSS.) at this term.    The statute makes the "lands, tenements * * chargeable with the debts, over and above what the personal estate may be sufficient to pay.    Subject to that burden, they descend immediately upon the death of the ancestor to the heir. Campbell v. Brown, 6 How., 234 ; Bullock v. Sneed, 13 S. & M., 393 ; Root v. McFerrin, 37 Miss., 46 ; Ferguson v. Scott, MSS. All the cases concur that the heir succeeds immediately to the estate by descent cast ; and as against him the liability of land to be sold for the decedent's debts, must be established in the mode pointed out by the statute.    The administrator can not interfere, " nor has he interest in, or power over the land, except in the contingency mentioned.    It is appointed his duty to make effectual the charge imposed upon it."    That is accomplished by appealing to the statutory power, once conferred upon the probate court, but now vested in the chancery court, for a license to sell.    Root v. McFerrin (supra) ; Hollman v. Bennett, 44 Miss. Rep., 326-7-8-9.

The theory of our statute is, that the real estate of a decedent shall be chargeable with the debts, in a certain manner.    The act which imposes the burden, at the same time defines the mode by which it shall be realized.    There never was power in the chancery court, under its equity powers, to reach the real estate of a debtor, except upon the predicate that the creditor had an equity in the form of a charge or incumbrance.    If the " charge " in equity is created by statute with a mode of procedure clearly defined, that remedy must be pursued.    The creditor, by judgment against the personal representative, acquires a lien on the assets in his hands, which may be satisfied by final process.    As against the real estate, the judgment is no more efficient, conferring no greater privileges, than did the promissory note or bond upon which it may have been founded.    Such judgment creditor has not advanced a right to subject the lands better than he had before he sued at law.    Nor is he aided by the fact that the final process

against the personal assets has been fruitless, and he prefers to divide what may be realized by a sale, equally with other creditors. That is a creditor's bill, proposing to withdraw the admistration of the real assets from the statutory jurisdiction of the chancery court, to be dealt with under its general equity powers. The books contain no case where such a bill has been sustained. The chancery jurisdiction over matters testamentary and of administration, conferred by the present constitution, is in the same words as employed in the constitution of 1833, in reference to the probate court. When we look at the mode in which the latter court exercised jurisdiction over these subjects, it will be seen that it is almost exclusively statutory. The same statutes, with slight changes, have been made applicable to the chancery court, so that the same line of argument, which could be made now to show that such a bill could be sustained, could have been made with equal cogency under the former system. That such suits never have been brought is persuasive that it was the received opinion of the profession that the method of proceeding, as defined in the statutes, is the exclusive remedy. It is plain, simple and speedy.

When the legislature declares that lands and tenements shall be liable for debts, and lays down the mode of reaching and so applying them, such statutes being in derogation of the common law, should be strictly construed.

The arguments that stand in the way of the complainant are: That it is by virtue of the statute that real estate has been made assets for general creditors, and a specific mode defined by which the title of the heir may be withdrawn, and the land converted into money, and apportionment and distribution made among creditors. Such legislation being an abridgment of the rights of the heir as at common law, should be strictly construed.

The complainant has no specific equity upon the real estate which affects it, more than any simple contract creditor; and there is no jurisdiction in a court of equity by virtue of its ordinary

powers, to decree a sale of land at the suit of a creditor, unless he shows a specific equity.

The right of the chancery court to entertain a suit to sell lands to pay the creditors of a decedent is purely statutory, and must be invoked by the personal representative, who in the estimation of the law is the trustee of the creditors, and under an official duty to interpose in their behalf whenever the contingency arises. For any failure or omission of duty in this behalf, he is amenable upon the suggestion of a creditor to the chancery court.

There is no other mode for a creditor, without judgment lien or a specific equity or incumbrance, to reach the real estate of a decedent, except in the statutory mode appointed for dealing with them as assets.

The decree is therefore affirmed.