LILY PARTEE ET AL. *v.* CHARLES KORTRECHT ET AL.

1. CHANCERY. *Jurisdiction. Creditor's bill to sell land of non-resident decedent.*
   A bill in chancery by the creditors of a decedent, who died a citizen and resident of Tennessee, in which State administration has been granted, will not lie to subject his land in Mississippi, although there is no personal property and his estate is insolvent.

2. ESTATES OF DECEDENTS.   *Charge in favor of creditors.*

The meaning of § 1134, Code 1871, is that, while the land descends directly to the heir, it goes incumbered with the " charge " in favor of creditors, so that the heir can make no disposition of it by sale or mortgage, which would defeat their rights ; and, though the administrator has no title or interest in it, yet, on the insolvency of the personal estate, he may assert his dormant right to the real estate and appropriate it as assets.

3. CONFLICT OF LAWS.   *Ancillary administration.*

Each State deals with the property of a decedent within its jurisdiction, so far as creditors are concerned, according to its pleasure.   In the absence of positive local law to the contrary, personal property, situated in a jurisdiction foreign to the domicile of the decedent, will be disposed of through an ancillary administration ; and, after the demands of creditors have been satisfied, the surplus may be remitted for distribution to the administrator in chief, or the foreign court may make distribution to those who, by the law of the domicile, are entitled.   Whether the one course or the other shall be adopted depends on discretion and the circumstances of the case.

4. SAME.   *Sect. 1950, Code 1871.*

The effect of § 1950, Code 1871, is to abolish ancillary administrations in this State altogether, and to make the administration granted on the estate of a non-resident decedent entirely independent of that of the domicile.   Whatever surplus remains after creditors have been satisfied must be distributed to the next of kin, as prescribed by our laws, although different persons from those who take in the jurisdiction of the domicile.   *Carroll* v. *McPike*, 53 Miss. 569.

5. ESTATES OF DECEDENTS.   *Land of non-resident, assets for administration.*

Where a non-resident, owning lands here, dies, and there are no goods or choses in action in this State, neither at common law nor by Code 1857, art. 61, p. 438, art. 68, p. 440, could administration be granted, nor by § 1088, Code 1871, can the grant now be made to the next of kin or a creditor.   But §§ 1091, 1092, Code 1871, by implication authorize the issuance of letters in such case to the next of kin or other fit person; and if no application is made in six months from the death of the intestate, the county administrator shall take charge.

6. CHANCERY.   *Demurrer to bill.   Affirmations of law.*

While a demurrer admits the material allegations of fact in the bill, deductions or affirmations of law, although alleged, are not statements of fact, and are not admitted.   Where the bill states that a non-resident died the owner of a section of land in this State, but without personal property, the allegation that " there are no assets in this State " subject to administration is an erroneous conclusion of law, and a demurrer to the bill does not admit it to be true.

7. SAME. *Jurisdiction. Creditor's bill to sell land of non-resident decedent.*
The foundation of the whole body of jurisdiction in chancery is that
the complaining suitor has a right, but is without full, adequate and
complete remedy in any other court.    By our statutes the creditor
has a right, in the absence of personalty, to be paid out of the land,
in this State, of one who died residing in Tennessee.    If the law
was, as under Code 1857, that no administration could, in such case,
be had here, chancery would have jurisdiction of a bill by the cred-
itor to subject the land; but, by §§ 1091, 1092, Code 1871, adminis-
tration can be had in this State, and, therefore, chancery has not
jurisdiction of such a bill.

APPEAL from the Chancery Court of Panola County.
Hon. J. C. GRAY, Chancellor.

*Miller & Miller*, for the appellants, cited *Hargrove* v. *Baskin*,
50 Miss. 194; *Riley* v. *Moseley*, 44 Miss. 37; Story Confl.
Laws, § 514 *et seq.*

*T. W. White*, for the appellees, cited §§ 1039, 1088, 1134,
Code 1871; *Goodrich* v. *Pendleton*, 4 Johns. Ch. 549; Wil-
liams on Executors, 180–204; Lomax on Executors, 92–94;
1 Story Eq. Jur. §§ 531–534; *McRea* v. *Walker*, 4 How. (Miss.)
455; *Carmichael* v. *Browder*, 3 How. (Miss.) 252; *Comstock* v.
*Rayford*, 1 S. & M. 423; *Trotter* v. *White*, 10 S. & M. 607;
*Freeman* v. *Malcolm*, 11 S. & M. 53; *Statham* v. *New York
Life Ins. Co.*, 45 Miss. 581; *Allen* v. *Montgomery*, 48 Miss.
101; *Scruggs* v. *Blair*, 44 Miss. 406.

*Frank Johnston*, on the same side, cited § 1088, Code 1871;
Story Confl. Laws, §§ 522, 523; *Goodwin* v. *Jones*, 3 Mass.
514, 519; *Bissell* v. *Briggs*, 9 Mass. 461; *Cutter* v. *Davenport*,
1 Pick. 81; *Slatter* v. *Carroll*, 2 Sand. Ch. 573; 2 Kent Com.
432, note; Story Confl. Laws, §§ 512, 513.    He reviewed *Riley*
v. *Moseley*, 44 Miss. 42, and the other authorities cited by op-
posing counsel; and submitted an argument on the proposition
that the jurisdiction can be rested on the theory that the land
may be treated as equitable assets of the decedent's estate,
citing the following authorities: Williams on Executors, 1496,
1519, 1520, 1522; *Newton* v. *Bennet*, 1 Bro. Ch. 135; *Bat-
son* v. *Lindegreen*, 2 Bro. Ch. 94; 1 Atk. 420, note; *Ship-
hard* v. *Lutwidge*, 8 Ves. 26, 30; *Bailey* v. *Ekins*, 7 Ves. 319;
*Benson* v. *LeRoy*, 4 Johns. Ch. 651; *Cook* v. *Gregson*, 2 Lead.
Cas. in Eq. 291; 2 Jarman on Wills, 395; 2 Williams on

Executors, 1531; *Evans* v. *Fisher*, 40 Miss. 643; *Hollman* v. *Bennett*, 44 Miss. 322; *Root* v. *McFerrin*, 37 Miss. 17; Code 1871, § 1134; Acts 1876, c. 109, § 25, p. 187.

SIMRALL, C. J., delivered the opinion of the court.

The complainants are creditors of Hiram Partee, deceased, late a citizen and resident of Tennessee. Administration was granted on his estate in Tennessee. There the estate is insolvent. The intestate owned, at the time of his death, a section of land in Panola County in this State, but no personal property. The relief sought is to subject the land to the complainants' debt.

The complainants point out real estate of their deceased non-resident debtor, and refer to the statute, Code, § 1134, which declares that " the lands, tenements and hereditaments of the intestate . . . shall also stand chargeable for the debts, over and above what the personal estate may be sufficient to pay ; " and claim that since there is no administrator, and since that office cannot be conferred, a court of equity ought to lay hold of the land, and make this " charge " available to pay their debt.

The meaning which has been uniformly given to the statute is, that, while the land descends directly to the heir, it goes incumbered with the " charge ; " and though the administrator has no title or interest in it, yet, when the contingency arises of the insolvency of the personal estate, he may assert his dormant right to the real estate, and appropriate it as assets. It follows, from the statutory devotion of it as assets contingently, that the heir takes his inheritance in subordination to the rights of creditors, and can make no disposition of it by sale or mortgage which would defeat their rights. *Hargrove* v. *Baskin*, 50 Miss. 194, 196 ; *Ferguson* v. *Scott*, 49 Miss. 500, and cases there cited. The statute imposes the charge for creditors on both estates, but primarily upon the personal, which must first be exhausted before the real estate can be touched.

The universal doctrine is that each State will deal with the property of a decedent within its jurisdiction, so far as creditors are concerned, according to its pleasure. In the absence

of positive local law to the contrary, personal property situate in a jurisdiction foreign to that of the domicile of the decedent will be disposed of through an ancillary administration ; and, after the demands of creditors have been satisfied, the surplus may be remitted for distribution to the administrator in chief of the domicile ; or the foreign court may make distribution to those who, by the law of the domicile, are entitled. Whether the one course or the other shall be adopted, depends on discretion· and the circumstances of the case.

But this general rule has been abrogated in this State by § 1950, Code 1871, which declares that " personal property situated in this State shall descend and be distributed according to the laws of this State," " notwithstanding the domicile of ·the deceased may have been in another State, and whether the heirs or persons entitled to distribution be in this State or not." The necessary effect of the statute is to abolish ancillary administrations here altogether, and to make the administration granted on the estate of a non-resident decedent entirely independent of that of the domicile. Whatever surplus remains after creditors have been satisfied, must be distributed to the next of kin, as prescribed by our laws, although different persons from those who take in the jurisdiction of the domicile. *Carroll* v. *McPike*, 53 Miss. 569.

Our laws devote the real estate, alike with the personal, to payment of the intestate's debts. The latter is the natural or primary fund, and, in the order of marshalling assets, must be completely exhausted. Without regard to the question whether the deceased debtor was a resident or non-resident, or whether the property situate in this State is personal or real, our laws impress all of it with liability for the debts.

The right of the complainants to be paid out of the land in Panola County cannot be controverted. If that right cannot be realized by an action at law, or by some other appropriate proceeding, for that reason a court of chancery will intervene for relief. The foundation of the whole body of jurisdiction in chancery is, that the complaining suitor has a right, but is without remedy, or full, complete and adequate remedy, in

any other court.  There, are many, very many, causes of suit, which are purely equitable, and which receive recognition in no other tribunal.  There are others, again, where the right is strictly legal, but where, for some special reason, a court of law could not entertain the action.  It has been repeatedly held that the distributee, when there are no creditors and no administrator, may recover in chancery the goods of the decedent, and that he will not be put to the delay and circuity of action of taking out letters to get in the goods for distribution.  He may not have a strict legal title, but his equity is complete.

Here the creditors have a right to payment of their debt out of the lands.  There is, as alleged in the bill, "no administrator; nor can they be invested with that character."  Is it true that the complainants are remediless in the premises, unless relieved in this suit?  The position of the bill is, that there is no personal representative; nor can one be appointed in the peculiar circumstances disclosed in the bill.

The general statute regulating the grant of letters of administration is § 1088, Code 1871, requiring them to be issued: First, in that county in which the intestate had a "mansion-house or known place of residence;" or, if there was no place of residence in this State, then, second, letters shall be issued in that county where the intestate died, or in that county where his personal estate, or the greater part, may be.  The essential principle is the same at common law.  The administration extended to the goods of which the ordinary had jurisdiction; and the *situs* of the *bona notabilia* fixed the place for the issuance of the letters.  The *situs* of the several sorts of assets was determined by their character.  Judgments are assets where they are recorded; leases, where the lands lie; specialty debts, where the instruments happen to be; and simple contract debts, as promissory notes and bills of exchange, where the debtors reside.  *Attorney-General* v. *Bouwens*, 4 M. & W. 171, 190; *Vaughn* v. *Barret*, 5 Vt. 333, 337; *Brodie* v. *Bickley*, 2 Rawle, 431.  Since there are no goods or choses in action of the intestate in this State, neither at common law nor under § 1088 of the Code could a grant of letters have been made to the next of kin or a creditor.

But the subsequent sections, 1091, 1092, have an important bearing on the subject. These sections make it the duty of the chancellors to appoint county administrators, to whom shall be committed the administration of decedents' estates, whether such persons have died in *or out* of this State, and have left *real* or personal property, and no person has applied for letters within six months after the death of such persons. Sect. 1092 is, by implication, an enlargement of or addition to § 1088. It plainly allows, on suggestion to the chancellor or clerk, an issuance of letters to the county administrator, when the non-resident decedent has left real estate in this State. But it goes further than that, and by implication affirms that in such case letters may be granted to the next of kin, creditor or other fit person; for the direction is, that the county administrator shall not take charge of the estate, except when " no person has applied for letters of administration within six months," &c. To make the statute sensible, and give effect to all the language, we must understand the legislature to mean and intend, that, if a person does apply for letters where the non-resident intestate has left *land* in this State, they shall be issued; and in default of such application, on suggestion to the chancellor or clerk, they may be granted to the county administrator.

The ground of relief asserted in the bill is, that there are " no assets in this State subject to be administered, and no administrator." The demurrant admits the material allegations of fact to be true; but deductions or affirmations of law arising upon them, although alleged, are not statements of fact, and are not admitted to be true. The averment in the bill, that there " are no assets in this State," is an erroneous conclusion of law, not warranted by the other facts set out. It is alleged that Hiram Partee died the owner of a section of land in Panola County. Under the sections of the Code referred to, the *situs* of the land here gave jurisdiction to the Chancery Court to issue letters of administration to any person who would apply, or to the county administrator. The State, in the exercise of her undoubted sovereignty to regulate the tenures and modes of disposing of real estate, has declared that the lands of a deceased debtor shall be assets to pay

his debts; and has defined who shall take charge of them, and how they shall be disposed of. They shall be converted into money by the administrator, and the money paid ratably.

It cannot be affirmed that the complainants are remediless except in this suit, because the ordinary, regular method of dealing with the assets of a decedent is open to them. When a creditor has the statutory right to take the office of administrator, or to suggest that it be conferred on the county administrator, and neither the one nor the other has been done, it is plain that the ordinary and statutory method of reaching and applying the assets is open to the party. If the intestate had left personal effects in Panola County, it would not be insisted that a creditor could resort directly to a court of chancery, on the allegation that there is no administrator. When the statute has made the real estate of the non-resident intestate assets for creditors, and given authority to the administrator to deal with them as such, there is no stronger reason to entertain such a bill as this than if the property were personal. If the state of the law was as in the Code of 1857, we should not feel the slightest hesitancy in sustaining the bill. Under that code, there could have been no administration on this decedent's estate. Letters could not have been issued to any person who made application under art. 61, p. 438, nor to the sheriff as public administrator under art. 68, p. 440. That would have presented the case of lands chargeable with the debts of the decedent, without power to reach them through an administration; and, because the creditor had no other remedy, chancery would redress. But it would so shape its relief as to have given an opportunity to all the creditors to prove their claims, and share in the distribution. In Massachusetts, where there is no separate equity system, it was said by Parsons, C. J., that the Court of Probate ought to issue letters in order to prevent a failure of justice, although the case did not fall within the statute. *Goodwin* v. *Jones*, 3 Mass. 514, 519. Here we would, in such case, give redress in the Chancery Court.

The change made by the revision of 1871, in that of 1857, is, that, if the decedent leaves real estate, letters may be

granted. The authority to grant letters, under the Code of 1857, was confined exclusively to personal estate.

*Decree reversed, demurrer sustained, and bill dismissed.*

. CHALMERS, J., having been of counsel, took no part in this decision.