## SPRINGFIELD *v.* HURT and others.

*(District Court, N. D. Mississippi.  1883.)*

**1. LIABILITY OF THE LANDS OF A DECEDENT TO PAY HIS DEBTS.**

   The liability of the lands of a decedent to pay his debts depends upon the statutory provisions in relation thereto.

**2. SAME—JURISDICTION IN EQUITY.**

   The statute of Mississippi, which renders lands so liable, provides the mode by which they shall be so applied, and that mode must be pursued, when it can be done, and only in event that it cannot be done, can it be reached by a bill in equity.

   *Partee* v. *Kortrecht,* 54 Miss. 66.

**3. DEMURRER TO BILL SUSTAINED.**

   A demurrer to a bill in equity, praying for the sale of lands of a decedent, and that the proceeds of the sale be applied to the payment of complainant's claims, will be sustained when the averments of the bill fail to show that the complainant has pursued the mode which the statute lays down to be followed before relief can be sought in a court of equity.

*A. J. Baker,* for complainant.

*H. A. Barr,* for defendants.

HILL, J.  The questions presented in this cause arise upon defendants' demurrer to complainant's bill. The bill in substance charges that complainant is a creditor of the estate of Miss Alice Totten. who died in Madison county, Tennessee, having made a last will and testament, which has been proven and admitted to record, and of which Howell E. Jackson was executor; that the debt due complainant from the estate of Miss Totten has not been paid, for the reason that the property belonging to her estate in Tennessee has been or will be

applied to the payment of the debts against her estate in that state; that the said Miss Totten owned, at the time of her death, the land described in the bill, situate in Coahoma county, in this state; that her said will, being attested by only two subscribing witnesses, was insufficient to pass the lands under her will, and that the title thereto, subject to the payment of her debts, passed to the defendants as her heirs at law; that there has been no administration upon her estate in this state. The prayer of the bill is that the lands, or so much thereof as may be necessary, be sold and applied to the payment of complainant's debt. The demurrer, among other causes, assigns as ground of demurrer that this court, as a court of equity, has no jurisdiction to grant the relief prayed for, and, as this must be decisive of the case, no other need be considered.

It is admitted that, prior to the Code of 1871, providing for the appointment of an administrator upon the estate of a decedent in another state, who died possessed of lands in this state, and which provision is brought forward in the Code of 1880, that this objection to the bill *could* not have been maintained. The question here is, does this provision in the present law of the state oust this court as a court of equity from jurisdiction of this bill, and granting the relief prayed for?

The liability of the lands of a decedent to pay his debts depends upon the statutory provisions in relation thereto. The decision of the supreme court of the state upon the question is binding on this court. This question was settled by the supreme court in the case of *Partee* v. *Kortrecht*, 54 Miss. 66. In that case it is held that the lands of a decedent are by statute liable to the payment of his debts, but that the statute which so renders them, provides the mode by which they shall be so applied, and that that mode must be pursued when it can be done, and that, in the event that it cannot be done, only *can it be* reached by bill in equity, and that under the statutes of the state, in a case like the present, an administrator can be appointed; if no one else applies, that the administration will be conferred on the county administrator. The facts in that case, so far as the point in question is concerned, were the same as those in this case. The demurrer was sustained and the bill dismissed. When six months have expired after the death of the decedent, and no one has applied for letters of administration, and there is no county administrator in the county in which the land, or some part of it, is situate, and these facts are averred in the bill, I am of opinion that the chancery court, or this court, as a court of equity, would have

jurisdiction to grant the relief sought. This would unquestionably be so, if the bill further averred that application had been made to the chancery court to appoint a county administrator, which perhaps ought to be done. Neither the creditor nor any one else is compelled to administer upon the estate. The county administrator is a public officer, and as such required to discharge his duty. This bill does not contain these necessary averments, as held by the supreme court of the state; consequently the demurrer must be sustained and the bill dismissed, with leave, however, to the complainant to amend his bill, if he can, so as to avoid the ground of demurrer stated.