# BEACH *v.* STATE.

(Division A.  April 5, 1937.)

[173 So. 429.  No. 32608.]

Luther A. Whittington and William Braden, Jr., both of Natchez, for appellant.

. **W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

Argued orally by **Luther A. Whittington**, for appellant, and by **W. D. Conn**, Jr., for appellee.

**Cook, J.**, delivered the opinion of the court.

Appellant was convicted on an indictment charging him with burglary and larceny, in which it was alleged that he and another broke and entered a "store building, there situated, of the property of Charles Minke," etc., and on appeal he seeks a reversal on the ground, among others, that there was a variance between the allegation of the indictment and the proof, as to the ownership of the store alleged to have been burglarized.

An indictment charging burglary must allege the ownership of the building burglarized, and there is language in the opinion in the case of Cooksey v. State, 175 Miss.

82, 166 So. 388, which tends to support the view that the averment that the building here alleged to have been burglarized was the property of ''the estate of Charles Minke'' was insufficient, but since the defect, if any, was amendable, and the sufficiency of the indictment does not appear to have been challenged either in the court below or in this court, we will express no opinion on that point.

Assuming for the purpose of this decision only that the ownership of the property was sufficiently alleged in the indictment, we think there was a fatal variance between the allegation of the indictment on this point and the proof thereof. While an indictment for burglary may properly lay the ownership of the house broken and entered in a lessee in possession, such was not done in this case. The proof shows that the building alleged to have been burglarized was leased by the administratrix of the estate of Charles Minke, deceased, for the purpose of carrying on a business formerly owned by her deceased father. Upon the death of a person his property vests immediately in his heirs, or the devisees or distributees under his will, if one has been made, and proof of possession in a lessee administratrix is not proof of ownership by the estate of a deceased person. We think, therefore, that there was such variance between the proof of ownership of the building and the allegations of the indictment as requires a reversal of the judgment of the court below.

Reversed and remanded.