RODGERS, Justice:
This is a suit filed by E. A. Parker against Mrs. Lottie Newell in the Chancery Court of Lauderdale County, Mississippi, to enforce a written instrument assigning all the interest of Mrs. Newell to the estate of her late husband, J. E. Newell, Sr., and authorizing the administrator to pay to E. A. Parker the portion of the assets due *576 to his widow. The complainant sought to have the chancery court declare a lien upon the real property of J. E. Newell, Sr. The chancellor, however, determined that the real property descended directly to the heirs of J. E. Newell, Sr., and never became a part of the estate being administered. He also determined that Mrs. Newell was not indebted to E. A. Parker because of the assignment for which suit was instituted.
We are of the opinion that the chancellor was correct and that the decree of the chancery court should be affirmed.
The record reveals that Joe S. Newell was indebted to the Citizens National Bank of Meridian in the sum of $6,000. E. A. Parker and Mrs. Lottie Newell endorsed his note. Joe S. Newell failed to pay the note and the bank called upon the endorsers. Mr. E. A. Parker decided to pay the balance on the note, but required Mrs. Newell to give him an assignment to her interest in the estate of her late husband. The pertinent part of the assignment is as follows:
NOW THEREFORE, I, the undersigned Mrs. Lottie Newell, widow of James E. Newell, Sr., deceased, do hereby transfer and assign unto the said E. A. Parker, as collateral security for the purpose of protecting him against any loss by reason of his having executed the aforesaid promissory note, my interest in the estate of James E. Newell, Sr., deceased, which estate is being administered in the Chancery Court of Lauder-dale County, Mississippi, with Giles W. Patty, Sr., as Administrator thereof, and I do hereby authorize such administrator, whenever any distribution of such assets of said estate is made, to reimburse the said E. A. Parker for any and all amounts which he has theretofore paid on the aforesaid promissory note out of any portion of such distribution as may be accruing to me, and to cause the said E. A. Parker to be fully and finally released from any further liability on such promissory note to the extent of making payment of any balance then remaining owing on said promissory note out of the portion of such estate accruing to me.
The sole issue is whether or not this assignment conveyed any interest belonging to Mrs. Newell to the real property formerly belonging to her husband. The assignment itself authorizes the administrator to pay out of the funds for distribution of the assets of said estate all amounts for distribution that accrued to Mrs. Newell. There is no mention of the real estate.
In the case of Hargrove v. Baskin, 50 Miss. 194 (1874), this Court pointed out that under the common law the real estate descended to the heirs of the deceased free of general debts until the statute of William and Mary, 3d and 4th chapters, 14. Thereafter, however, lands and tenements of a deceased owner became liable for his general debts, but only after the personal estate had been exhausted.
Hargrove, however, points out with clarity that, except for burden of payment for the debts of the deceased over and above his personal estate, land belonging to the deceased descends immediately to his heirs. It is not part of the administration of the estate of a deceased person.
We made it clear in Beach v. State, 178 Miss. 336, 173 So. 429 (1937), that real estate descends directly and immediately upon his death to the heirs or devisees of the deceased owner subject only to the debts of the deceased over and above his personal estate.
We are, therefore, of the opinion that the decree of the chancery court should be affirmed.
Affirmed.
GILLESPIE, P. J., and BRADY, PATTERSON and SMITH, JJ., concur.