DAN M. LEE, Justice,
for the Court:
This is an appeal from the Chancery Court of Forrest County wherein J. Ed Turner, petitioner/appellant, filed a peti *920 tion to modify a decree approving a supplemental final accounting and authorizing a sale of real property for the estate of Elizabeth P. Hightower, deceased. The basis of Turner’s petition evolved from a contract entered into between Turner and Elizabeth
H. Austin, respondent/appellee, whereby Austin agreed to sell and convey the property [1] to Turner after the probate of Elizabeth P. Hightower’s last will and testament and title vested in Austin. Austin, as executrix of Hightower’s estate, further agreed to protect the rights of Turner by all legal methods. From a decree sustaining both a special demurrer and general demurrer to Turner’s petition, Turner prosecutes this appeal. We affirm.
On January 20, 1977, appellee agreed to sell and convey the following described property to appellant:
One (1) thirty (30) acre tract of land which shall be one-half (V2) of a sixty (60) acre tract of land located in Forrest County, Mississippi, and described as the NW'/4 SE1/. and the NVfe SWVi SEV4 of § 15, Township 2N, Range 13 West, Forrest County, Mississippi, with the said sixty acre tract being more particularly described in the certain deed located in Book 200 at Page 399 of the Land Deed Records in the Office of the Chancery Clerk, Forrest County, Mississippi.
Pursuant to the agreement, appellee agreed to proceed immediately to probate the last will and testament of Elizabeth P. Hightower, as executrix, and protect the rights of appellant by all legal methods. Appellant, in consideration of the agreement, paid appellee $3750. Upon receiving title to any thirty acres of the sixty-acre tract, appellee agreed to execute a warranty deed to Turner for an additional $3750. If appellee received title to the entire sixty-acre tract, appellee agreed to convey the other thirty-acre tract to appellant for the additional sum of $7500. The contract referred to the will and a copy was attached thereto. Said contract is copied in full as follows:
STATE OF MISSISSIPPI COUNTY OF FORREST
AGREEMENT
For and in consideration of the sum of $3,750.00, cash in hand paid, and the receipt and sufficiency of which is hereby acknowledged, I, Elizabeth Hightower Austin, hereinafter referred to as grant- or, hereby contract and agree to sell and convey, subject to the following terms and conditions, unto J. Ed Turner, hereinafter referred to as the grantee, the following described property:
One (1) thirty (30) acre tract of land which shall be one-half (V2) of a sixty (60) acre tract of land located in Forrest County, Mississippi, and described as the NW‘/( SEV4 and the NVzSWVi SE^ of § 15, Township 2N, Range 13 West, Forrest County, Mississippi, with the said sixty acre tract being more particularly described in the certain deed located in Book 200 at Page 399 of the Land Deed Records in the Office of the Chancery Clerk, Forrest County, Mississippi.
This contract and agreement is subject to the following terms and conditions;
1. The title to the said thirty acres of the sixty acres being transferred to the grantor herein by the probate of that certain Last Will and Testament of Elizabeth P. Hightower, deceased, by the Chancery Court of Forrest County, Mississippi. Grantor hereby agrees to proceed immediately to probate said Will and Testament as the Executrix thereof, and agrees to protect the rights of grantee herein by all methods legal. A copy of the above described Will and Testament is attached hereto.
2. Immediately after grantor herein receives title to any thirty of the sixty acres described, she shall, upon the payment by grantee to grantor of the additional sum of $3750.00, execute a warran *921 ty deed of said thirty acres to grantee herein.
3. It is understood and agreed that should the grantor herein receive title to any thirty acres of the sixty acres described by any other procedure than that described in 1. above, then the grantor shall convey title to thirty of said acres to grantee for the above described additional sum of $3,750.00.
4. It is further understood and agreed that should the grantor herein receive title to the entire sixty acres of the sixty acres, she shall, immediately after receiving said title, convey title to the grantee herein in exchange for payment from grantee to grantor of the sum of $7,500.00, which shall be in addition to payments described.
5. It is understood and agreed that the grantor shall retain one-half (Vi) of all mineral rights in and to each of the acres which she conveys to grantee under the terms of this agreement.
WITNESS our signatures on this the 20th day of January, 1977.
/s/ Mrs. Elizabeth H. Austin ELIZABETH HIGHTOWER AUSTIN /s/ J. Ed Turner
J. ED TURNER STATE OF MISSISSIPPI COUNTY OF FORREST
PERSONALLY came and appeared before me, the undersigned authority in and for the jurisdiction aforesaid, the within named Elizabeth Hightower Austin, grantor, and J. Ed Turner, grantee, who, after first being by me duly sworn, state on their respective oaths that each executed and delivered the above and foregoing Agreement on the date and for the purpose therein described.
SWORN TO AND SUBSCRIBED before me, this the 20th day of January, 1977.
/s/ Larrv T. Austin
NOTARY PUBLIC MY COMMISSION EXPIRES:
10/25/78
On October 16, 1980, appellee, as executrix of Elizabeth P. Hightower’s estate, petitioned the Chancery Court of Forrest County for a supplemental accounting and authority to sell real property. At the time the petition was filed, the estate consisted of the sixty-acre tract of land in Forrest County valued at $25,000, an account receivable from Larry Austin at $2,195.44 and an account receivable from Louise Martin at $913.64. Working interests in three oil wells located in Wayne County with an estimated value of $6600, together with $9,151.61 cash balance of the receipts from such oil payments remaining after payment of production expenses, were distributed to appellee as the residuary beneficiary of Elizabeth Hightower’s will.
In the settling of the estate account, the following legal fees were incurred as a result of a will contest that was apparently known or anticipated by both appellant and appellee because the will was attached to the contract on January 20, 1977: Larry Austin — $2,195.44; Howard M. Stroud, P. A. — $9000; and Zachary, Gillespie and Rogers — $9000. The chancery court’s decree authorized the distribution of the account receivable of Larry Austin to him in payment of his fees. However, the $18,000 in legal fees, which remained owing, was decreed to be derived from the sale of the following described property after the court found the personal property of the estate insufficient to pay the same:
The North Three-quarters (N3/i) of the Northwest Quarter (NWVü) of the Southeast Quarter (SEVi) of Section 15, Township 2 North, Range 13 West, Forrest County, Mississippi, together with all improvements thereon and appurtenances thereunto belonging.
On October 29, 1980, appellant filed his petition to modify the decree approving the supplemental final accounting and authorization of sale of real property based upon his agreement with appellee. Appellant prayed that the court modify its decree by first applying the personal property assets of the estate, consisting of the $9,151.61 *922 cash balance from the Murphy Oil working interest and the sale of the Murphy Oil Company working interest, toward the payment of legal fees and court costs. Appellant alternatively prayed for some sort of specific performance and general relief which should not and could not be granted in an estate proceeding but might be the subject of a separate action. If these amounts were insufficient to satisfy the debts of the estate, appellant prayed that the appellee, as executrix, sell, in accordance with the agreement, the real property.
The chancellor sustained a special and general demurrer to appellant’s petition, finding that appellant was not a proper party and had no standing, as well as no equity being on the face of the bill.
I. Did the chancellor err in sustaining the demurrers to appellant’s petition?
Mississippi Code Annotated section 91-7-197 (1972) provides:
Heirs or devisees to be summoned.
When a petition shall be filed to sell or lease land to pay debts or otherwise affecting the real estate of a deceased person, all parties interested shall be cited by summons or publication, which shall specify the time and place of hearing the petition. If the petition be filed by a creditor or by a purchaser to correct a mistake in the description of the land, the executor or administrator shall be cited, (emphasis ours).
In Brickell v. bightcap, 115 Miss. 417, 76 So. 489 (1917), this Court held that all persons interested in the lands of the decedent, and who prima facie have title thereto, have a right to appear and contest the application. The Court went on to say that the primary purpose of the statute was to require the owners of the estate sought to be sold be brought before the court. Subsequently, in Townsend v. Beavers, 185 Miss. 312, 188 So. 1 (1939), this Court again construed the statute in question as embracing only those who have a vested interest in the land itself — the heirs and devisees or the assignees of either:
In this connection notice may be taken of the point argued under the cross-appeal that the judgment creditors of two of the heirs were not made parties to the petition to sell the real estate. Section 1694, Code, 1930 which deals with this matter of parties to such a petition, begins with the lead line “Heirs or devisees to be summoned” and then proceeds to provide that “all parties interested shall be cited by summons or publication.” In Brickell v. bightcap, 115 Miss. 417, 433, 76 So. 489, 494, it was said that this statute embraces as to parties “those who have a vested interest in the land itself — the heirs and devisees or the assignees of either,” and, 115 Miss, on page 436, 76 So., page 489, the court said that the purpose of the statute was to require simply that the owners of the estate sought to be sold, should be brought before the court. We interpret that decision to hold that the parties to be included are those who are heirs or devisees, as such, or who are conventional vendees, mortgagees, or assignees under them, or whose interests had become the full and completed vested equivalent thereof, and none others. Wherefore judgment creditors, solely as such, of the heirs or devi-sees or of some of them are not necessary parties. (185 Miss, at 323, 188 So. at 4) (emphasis ours).
Real property descends directly and immediately to the heirs or devisees of the deceased subject only to the debts of the deceased over and above his personal estate. Parker v. Newell, 245 So.2d 575 (Miss.1971). In the case sub judice, the real property in question descended directly to Elizabeth H. Austin subject only to the debts of the decedent over and above her personal estate. Austin’s title to the property was the will' itself if held valid. The contract between Austin and appellant was contingent upon the validity of the will. That issue was hotly contested before a jury and decided, devisavit vel non, in favor of the will devising the property to Austin. Griffith, Mississippi Chancery Practice section 103 (2d Ed. 1950), provides:
§ 103. What interest is required.— Looking now to this statement of the *923 general rule, we come first to the question as to what interest it is that is a material legal or equitable interest in the suit. It is any interest, without reference to its precise character, which has legal or equitable substance in fact, and it may be either present and immediate, or future and remote; but it must be more than a possibility or a merely consequential, purely expectant or contingent one, as for instance a contingent interest depending solely on the result of a suit, and it must be more than merely one of sentiment or feeling or desires, (emphasis ours).
See Magnolia Textiles, Inc. v. Gillis, 206 Miss. 797, 41 So.2d 6 (1949).
Austin’s ability to perform the contract was wholly contingent upon the validity of the will. Both parties were aware of decedent’s will and the probable contest of the same because the contract states in part as follows as to the first thirty-acre tract: “[H]ereby contract and agree to sell and convey .. . subject to the following terms and conditions . .. and agree to protect the rights of grantee herein by all methods legal ... that should the grantor herein receive title to any thirty acres of the sixty acres ... above, then the grantor shall convey title to thirty of said acres .. .. ” A copy of the questionable will was attached to the contract. This was a contingent interest, depending solely on the result of a suit which was not such an interest as contemplated by section 91-7-197. See Griffith, Mississippi Chancery Practice, supra, and Magnolia Textiles, supra.
The second thirty-acre tract is even more contingent where the contract states in part thereof: “[SJhould the grantor herein receive title to the entire sixty acres .. . she shall, immediately after receiving said title, convey title to the grantee herein in exchange for payment from grantee to grant- or of the sum of $7,500.00, which shall be in addition to payments described.”
Since Austin’s title to the property was the will itself, the appellant’s interest in the property was merely contingent and depended solely on the outcome of the suit to contest the will. It therefore follows that appellant was not a party interested under section 91-7-197, but was one with a contingent interest, and therefore lacks standing to file a direct action in the estate proceeding to change and modify an order of the chancellor entered on a date previous thereto.
The special demurrer raises that exact question as follows: “The petitioner, J. Ed Turner, is not a proper party and has no standing to file the petition to modify decree.” The chancellor having sustained the special demurrer, we affirm and do not reach the merits of the cause.[2]
We note from the argument of counsel that the contract in question between appellant and appellee is the subject of a suit for specific performance and injunction filed on the same date as was the petition sub judice and that suit has been held in abeyance pending the outcome of this appeal. In the judgment of the parties, perhaps that suit may proceed with all deliberate speed and the rights of the parties adjudicated.
The chancellor’s decree dated March 26, 1981, sustaining the special demurrer to dismiss the petition of appellant to intervene in the estate proceeding and modify the decree dated October 6, 1980, be and the same is hereby affirmed...
AFFIRMED.
PATTERSON, C. J., SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, BOWLING and HAWKINS, JJ., concur.
PRATHER, J., took no part.

. The real property ordered sold by the Chancery Court of Forrest County is a part of the real property that is the subject matter of the agreement between Turner and Austin.

. The sustaining of one demurrer was effective to dismiss the case as finally as the sustaining of two or more demurrers.