¶ 1. Shannon Joann (Smith) McRight appeals the dismissal with prejudice of her complaint to attach certain property alleged to be owned by her former husband. She alleges that the chancellor was manifestly wrong in determining that she was not legally entitled to attach the property to satisfy a judgment. We find the argument is without merit and affirm the decision. *Page 49 
 FACTS
¶ 2. Shannon Joann McRight was married to James Walton McRight at the time of Emma Louise Goode McRight's death on August 31, 1996. Under the terms of Mrs. McRight's will, James McRight and his brother Jessie were devised certain real property including a house and three acres of land. Jessie McRight was named the executor of the estate.
¶ 3. On October 15, 1996, James McRight executed a written contract that transferred all of his interests in his mother's estate to Jessie McRight in exchange for $100,000. Jessie McRight paid that amount over several months, with the final payment being made on January 23, 1997. The contract provided that possession of the property would be delivered at the closing of the estate.
¶ 4. On November 15, 1996, Jessie McRight filed the Petition to Probate the estate of his mother and to appoint him as executor. He was appointed executor. The estate has not been closed, and no distribution of the real property in the estate has been authorized by the court nor made.
¶ 5. On February 18, 1997, Shannon McRight was granted a divorce from James McRight and was awarded $30,000 payable at a rate of $500 monthly, beginning on February 1, 1997, for a period of five years. In addition, James McRight was to assume responsibility for certain medical bills of Shannon McRight. It appears that James McRight has not complied with the dictates of the divorce decree, and his present location is unknown.
¶ 6. On April 24, 1997, Shannon McRight filed a complaint for attachment in the Rankin County Chancery Court. Process was obtained on Jessie McRight solely in his capacity as the executor of his mother's estate. Service was had on James McRight by publication, but he never appeared.
¶ 7. In her complaint, Shannon McRight alleges that James McRight is an absent, absconding, non-resident debtor and that she was entitled to attach James McRight's interest in his mother's estate to satisfy the monetary judgment she had received in the judgment of divorce. Jessie McRight, in his capacity as executor, answered and affirmatively alleged that James McRight had no interest in Mrs. McRight's estate by virtue of the October 15, 1996 contract of sale.
¶ 8. A hearing was had on the issue of attachment on October 5, 1998. The attachment was dismissed with prejudice. The chancellor found that the contract was entered into and completed before Shannon McRight was granted a divorce from James McRight. The chancellor determined that there was no prohibition against legatees in an estate conveying their interests to one another prior to the closing of the estate. The court found, as a matter of law, that James McRight had no interest in his mother's estate at the time the attachment was sought. Shannon McRight appeals.
 DISCUSSION
¶ 9. Shannon McRight alleges that the chancellor was manifestly wrong in dismissing the attachment and for finding that James McRight did not have an interest in the property. The argument is that Shannon McRight was entitled to an attachment because the contract between James and Jessie McRight was not completed because the deed would not be executed until after the estate was closed. This raises the issue of when real property passes in an estate.
¶ 10. The supreme court has concluded that whether by intestate death and succession or by last will and testament, a deceased's real property vests immediately at death in his heirs or devisees. Beach v.State, 178 Miss. 336, 173 So. 429, 430 (1937). This real property isfree of the debts of the estate unless the personal property in theestate is insufficient to *Page 50 satisfy them. Parker v. Newell, 245 So.2d 575, 576 (Miss. 1971).
¶ 11. At the time of his mother's death, James McRight became the record title owner of the real property devised to him in his mother's will. As the owner, he was free to dispose of the property, subject to debts of his mother's estate. This includes selling the property to the buyer of his choice, here Jessie McRight. We find nothing that prohibits this sale in either the statutes or case law.
¶ 12. Shannon McRight focuses on the fiduciary relationship that Jessie McRight owes to the estate as executor. She cites an Indiana case for precedent. Estate of Garwood, 400 N.E.2d 758 (Ind. 1980). Garwoodinvolved the sale of real property by the co-executors to one of theco-executors. In other words, a co-executor purchased the property fromhimself and the other co-executor. The rule expressed by the court therewas that "a probate personal representative of the deceased is a trusteeof the estate assets and will not be permitted to purchase the propertyhimself as an individual from himself as the personal representative."Id. at 764.
¶ 13. That is not our situation. The purchase was made by Jessie McRight from his brother. Jessie McRight as executor had no right nor did he attempt to convey the property. His willingness to purchase does not violate any fiduciary obligations.
¶ 14. Shannon McRight next asserts that the sale was void because the court did not approve the sale of the property. However, such approval is only necessary when the sale of the real property is made to satisfy the debts of the estate and the sale of the real property is made in preference to the sale of personal property. See Miss. Code Ann. § 91-7-187 (Rev. 1994). That is not the situation here. Here, there was a sale between beneficiaries. Thus no court approval is required.
¶ 15. Finally it is argued that the conveyance of property between beneficiaries should be prohibited, but no authority to support the claim is cited. The supreme court has recognized there is no prohibition against beneficiaries conveying their interests to another beneficiary.See Stern Bros. v. Hampton, 73 Miss. 555, 565, 19 So. 300, 302 (1896). There the court recognized that when the interests of an estate are solely in the beneficiaries and there are no provisions against alienation or anticipation, the beneficiaries are free to dispose of the property as they desire. Id.
¶ 16. There is nothing prohibiting one beneficiary from selling hisinterest in an estate to another beneficiary, even when the purchaser isthe executor and a fiduciary of the estate. Jessie McRight's obligationsare to the estate, not to the creditors of a beneficiary. The chancellorcorrectly dismissed the complaint.
¶ 17. THE JUDGMENT OF THE RANKIN COUNTY CHANCERY COURT DISMISSINGTHE COMPLAINT WITH PREJUDICE IS AFFIRMED. COSTS OF THIS APPEAL AREASSESSED AGAINST THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.