DICKINSON, Presiding Justice,
concurring in part and dissenting in part:
¶ 50. The Mississippi wrongful-death statute[13] authorizes several categories of persons-including “interested parties” — to file suit. This Court has clearly held that the deceased’s heirs under the laws of intestate succession qualify as “interested parties.”[14] But today, the majority says a devisee under a will is not an “interested party” because (according to the majority) a “will has no legal effect and confers no rights or authority until it is probated.” Because the majority is not correct on this point, I concur only in part and in result.
¶ 51. There is very little practical difference in the legal status of the heirs under the laws of intestate succession, and those under a will. As a general rule (subject to exceptions[15]), personal property of a decedent (with or without a will) must pass through an estate before it may be distributed.[16] More importantly, this Court has held: “Upon the death of a person his [or her real] property vests immediately in his [or her] heirs, or the devisees or distributees under his will, if one has been made.” [17] The majority’s assertion that a “will has no legal effect and *164 confers no rights or authority until it is probated” misses this important point, and thus is clearly incorrect.
¶ 52. A wrongful-death lawsuit benefits an heir at law and an heir under a will exactly the same. So there is no logical basis for treating them differently, as does the majority. If one qualifies as an “interested party,” so should the other. I therefore respectfully dissent in part.
KITCHENS AND CHANDLER, JJ., JOIN THIS OPINION.

. Miss.Code Ann. § 11-7-13 (Rev.2004).

. Burley v. Douglas, 26 So.3d 1013 (Miss.2009).

. See e.g. Miss.Code Ann. § 81-5-63 (Rev. 2001) (bank accounts less than $12,500); Miss.Code Ann. § 91-7-322 (Supp.2010) (debts owed or property belonging to estates of less than $50,000); Miss.Code Ann. § 91-7-323 (Rev.2004) (wages owed to decedent).

. Long v. McKinney, 897 So.2d 160, 174 (Miss.2004). Furthermore, "it has been held that heirs may recover in chancery the personalty of a decedent without an administration of the estate, provided there are no creditors.” Robert A. Weems, Wills and Administration of Estates in Mississippi § 2:52 (2003) (citing Partee v. Kortrecht, 54 Miss. 66, 71, 1876 WL 5134 (1876)). Mississippi Code Section 91-1-27 lays out the chancery procedure for recognition as an heir at law.

.Beach v. State, 178 Miss. 336, 173 So. 429, 430 (1937); accord In re Estate of McRight, 766 So.2d 48, 49 (Miss.Ct.App.2000) ("whether by intestate death and succession or by last will and testament, a deceased’s real property vests immediately at death in his heirs or devisees”).