**IN THE SUPREME COURT OF MISSISSIPPI**
**NO. 1999-CA-01874-SCT**

*DANIETTE JONES*

*v.*

*REGENCY TOYOTA, INC.*

*d/b/a MARK ESCUDE TOYOTA*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/15/1999 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN HEDGLIN |
| ATTORNEY FOR APPELLEE: | CHARLES E. GRIFFIN |
| | CLAIRE W. KETNER |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | VACATED AND REMANDED - 05/10/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/31/2001 |

**BEFORE BANKS, P.J., SMITH AND WALLER, JJ.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1. Daniette Jones seeks review of a summary judgment dismissing her complaint and action seeking damages for wrongful termination of a contract to purchase a vehicle from Regency Toyota, Inc. d/b/a Mark Escude Toyota (Escude). At the hearing on Escude's motion to dismiss, the circuit judge was presented with affidavits outside the pleadings. The judge converted the M.R.C.P. 12(b)(6) motion to dismiss to a M.R.C.P. 56 motion for summary judgment and granted the motion. However, Jones was not afforded ten (10) days' notice of the conversion from a motion to dismiss to a motion for summary judgment as required by M.R.C.P. 56(c), and, as a result, we vacate and remand.

**DISCUSSION**

¶2. Escude filed a Rule 12(b)(6) motion to dismiss for failure to state a claim and further asserted the bar of accord and satisfaction. Escude also filed an itemization of facts in support of its motion to dismiss and an affidavit from an Escude employee. On the day scheduled for hearing of the motion, Jones filed a response, affidavit and supporting exhibits, asserting that Escude had converted its motion to dismiss to a motion for summary judgment by utilizing matters outside the complaint. At the hearing, the circuit judge did in fact treat the motion as one for summary judgment and announced her ruling that the motion would be granted. Thereafter, an order granting summary judgment was entered, and Jones appeals.

**I. WHETHER THE TRIAL COURT ERRED IN CONVERTING ESCUDE'S M.R.C.P.**

**12(b)(6) MOTION INTO A M.R.C.P. MOTION FOR SUMMARY JUDGMENT?**[1]

¶3. Jones argues that the trial court committed reversible error in granting "its strange combination of summary judgment" and sustaining Escude's motion to dismiss. We, however, have repeatedly held that "motions to dismiss and motions for summary judgment have been by rule declared interchangeable." *Walton v. Bourgeois,* 512 So. 2d 698, 699 (Miss. 1987) (citations omitted). "The motion for summary judgment is the functional equivalent of the Rule 12 (b)(6) motion to dismiss, only it occurs at a subsequent stage of the proceedings. Like the motion to dismiss, it tests the legal sufficiency of the plaintiff's claim to undergird his insistence that further proceedings be had." *Gray v. Baker,* 485 So. 2d 306, 307 (Miss. 1986).

¶4. A party against whom a motion to dismiss under M.R.C.P. 12(b)(6) has been filed is thereby on actual notice that the motion to dismiss may be treated as a motion for summary judgment if the conditions prescribed in the rule are found, including the opportunity to present any relevant material. *See Walton,* 512 So. 2d at 700. M.R.C.P. 12(b) specifically provides:

> If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56 . . . .

¶5. In Jones' case, Escude's motion to dismiss was properly converted to a motion for summary judgment through the submission of affidavits by both parties. This assignment of error is without merit.

## II. WHETHER THE TRIAL COURT ERRED IN FAILING TO ALLOW JONES 10 DAYS FOR CONSIDERATION OF ESCUDE'S MOTION TO DISMISS UNDER M.R.C.P. 56?

¶6. Jones asserts that the trial court committed reversible error in granting summary judgment when she was not given ten (10) days' notice of the hearing on the motion for summary judgment, as contemplated under M.R.C.P. 56(c). While the conversion was proper, the trial court failed to continue the hearing in order to allow Jones the opportunity to present any evidentiary material she felt pertinent to survive the Rule 56 motion. Rule 12(b) provides that, upon the motion being converted to one under Rule 56, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Frequently, this will necessitate a continuance of the hearing on the motion. *See Hudson v. Parvin,* 511 So. 2d 499, 500 (Miss. 1987).

¶7. Where a Rule 12(b)(6) motion is converted into one for summary judgment, we have held that the trial court must give ten days' notice for such a hearing:

> Whenever a motion to dismiss under Rule 12(b)(6) is converted into a motion for summary judgment, the requirements of Rule 56 become operable. It is important that the court give the parties notice of the changed status of the motion and a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." . . . It is within the judge's discretion to decide whether to consider matters outside the pleadings that are presented to the court. If the judge considers matters outside the pleadings, Rule 12(b) requires that the judge comply with the requirements of Rule 56. Rule 56(c) states, in part, that a "motion [for summary judgment] shall be served at least ten days before the time fixed for the hearing." Therefore, the trial court must give the parties ten days notice that it is

converting the moving party's motion for summary judgment. . . . The requirements of Rule 56(c), far from being a mere extension of our liberal procedure exalting substance over form, represents a procedural safeguard to prevent the unjust deprivation of a litigant's constitutional right to a jury trial. . . .

*Palmer v. Biloxi Reg'l Med. Ctr., Inc.,* 649 So. 2d 179, 182-84 (Miss 1994) (citations omitted). *Accord*, *City of Gulfport v. Orange Grove Utilities, Inc.,* 735 So. 2d 1041, 1047 (Miss. 1997).

¶8. The motion to dismiss became a motion for summary judgment when Escude filed documents containing factual assertions outside the pleadings. The problem is Jones did not receive ten days' notice as contemplated by M.R.C.P. 56(c).

## CONCLUSION

¶9. Regardless of how baseless Jones' claim appeared to the trial court, our rules require that she be given 10 days' notice once a motion to dismiss is converted to a motion for summary judgment. For this reason alone, we must vacate the judgment of the Hinds County Circuit Court and remand this case for further proceedings consistent with this opinion.

¶10. **VACATED AND REMANDED.**

**PITTMAN, C.J., BANKS AND McRAE, P.JJ., MILLS, COBB, DIAZ AND EASLEY, JJ., CONCUR. SMITH, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**

1. Jones listed five assignments of errors. However, given our decision, we find that only two require discussion.