GRIFFIS, J.,
dissenting:
¶ 19. For this Court to convert this matter from a Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment, the Mississippi Supreme Court decision in Sullivan v. Tullos, 19 So.3d 1271, 1274-76 (¶¶ 14-19) (Miss.2009), requires that we provide the non-movant with ten days’ notice. See M.R.C.P. 12 and 56. Therefore, I must respectfully dissent.
*6 ¶ 20. In paragraph 4, the majority correctly states the law as stated in Davis v. City of Clarksdale, 18 So.3d 246, 248-49 (¶ 8) (Miss.2009). However, in Sullivan, the supreme court succinctly set forth the procedural rules that apply when a court, any court, converts a motion to dismiss to a motion for summary judgment. Contrary to the majority’s erroneous assertion, I do not “overrule” Davis. Indeed, I recognize the latest pronouncement of the proper application of the procedural rules announced in Sullivan, which both the trial court and this Court are required to follow.
¶ 21. In Sullivan, the court held:
The issue here is whether the trial court acted in accordance with Mississippi law in converting the defendants’ motion to dismiss into a motion for summary judgment. More specifically, the question is whether the trial court was required to give the plaintiffs ten days’ notice prior to the hearing for the converted summary-judgment motion. We find that the trial court did not follow the proper procedure in converting the Rule 12(b)(6) motion into a motion for summary judgment, because timely notice was not given.
Rule 12 of the Mississippi Rules of Civil Procedure sets forth the proper procedure for converting a motion to dismiss into a summary-judgment motion. Rule 12(b) provides in part:
If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56....
Miss. R. Civ. P. 12(b). This Court looks at Rule 12 in conjunction with Rule 56 governing motions for summary judgment. While this Court said in Walton v. Bourgeois, 512 So.2d 698 (Miss.1987), that it is not mandatory to require a ten-day notice of the hearing when a Rule 12 motion is converted, we have more recently held that:
before this Court can determine on appellate review if the non-moving party has had a reasonable time in which to file documentation in opposition to a Rule 12(b)(6) motion that has been converted to a Rule 56 motion for summary judgment, we must determine if the non-moving party has been afforded ten days[’] notice of the court’s intention to conduct a summary[-]judgment hearing on a date certain.
Palmer v. Biloxi Reg’l Med. Ctr., 649 So.2d 179, 183 (Miss.1994) (emphasis added).
Additionally, the Palmer court stated that:
Rule 56(c) states, in part, that a “motion [for summary judgment] shall be served at least ten days before the time fixed for the hearing.” Therefore, the trial court must give the parties ten days[’] notice that it is converting the moving party’s motion to dismiss on the pleadings into a motion for summary judgment. Once the notice required by Rules 12(b) and 56 has been given, the trial court may then properly consider it as a converted motion for summary judgment along with any materials in support of or in opposition to the motion as of a certain day.
Id. (internal citations omitted).
In the instant case, the trial judge converted the defendants’ motion to dismiss into a summary-judgment motion be *7 cause two exhibits were admitted into evidence during the hearing on the motion to dismiss. The two exhibits were a copy of the appraisal presumptively setting the value of the land at $500 an acre entered by the defendants and a copy of the checks issued on Tullos’s regular account used to purchase the land entered by the plaintiffs. At the hearing, the defendants’ motion to dismiss was the only motion considered by the trial court. The trial court informed the heirs that he would consider the parties’ exhibits and treat the defendants’ motion to dismiss as a motion for summary judgment. At this point, before continuing with a hearing on the converted motion for summary judgment, the trial court was required to give the heirs at least ten days’ notice of the hearing. However, this did not occur. In a case involving similar procedural issues, a Rule 12(b)(6) motion to dismiss was converted into a motion for summary judgment because the parties presented material outside of the pleadings. Jones v. Regency Toyota, Inc., 798 So.2d 474 (Miss.2001). At the hearing on Regency Toyota’s motion to dismiss, the trial court stated that it would convert the motion to dismiss into a motion for summary judgment. Id. The trial court then granted summary judgment during the hearing. Id. Jones appealed, asserting that she was not given the ten-day notice of the summary-judgment hearing as required by Mississippi Rule of Civil Procedure 56(c). Id. at 475-76 (¶ 6). This Court stated: “While the conversion was proper, the trial court failed to continue the hearing in order to allow Jones the opportunity to present any evidentiary material she felt pertinent to survive the Rule 56 motion.” Id. at 476 (¶6).
This Court specifically noted in Jones that no matter how baseless the claim may appear to be, the Mississippi Rules of Civil Procedure require that respondents to a converted summary-judgment motion “be given 10 days’ notice once a motion to dismiss is converted to a motion for summary judgment.” Id. at 476 (¶ 9). This statement was in specific reference to the lack of notice prior to an actual hearing, and this Court further held that, because of this failure alone, “we must vacate the judgment.” Id. In the case before us, the defendants filed a motion to dismiss that was heard on November 3, 2006. At that point in time, the trial court correctly converted the motion into one for summary judgment based on the submission of two exhibits. The trial court subsequently took the matter under advisement and entered its memorandum opinion on November 30, 2006. We are mindful of the delay in time before the opinion was rendered. However, we must also note that the hearing was not continued after the conversion to allow for ten days’ notice prior to a summary-judgment hearing as is required by the Mississippi Rules of Civil Procedure and the prior mandate of this Court in Jones. While the plaintiffs sent a letter detailing additional evidence three days after the hearing, this act alone does not waive the ten-day requirement. Therefore, this Court agrees with the dissent from the Court of Appeals and finds that we must reverse the trial court’s holding and remand this case to give the heirs an opportunity to take advantage of the procedural safeguards in place for situations such as this as directed by Rule 56, Palmer, and Jones.
Sullivan, 19 So.3d at 1274-76 (¶¶ 14-19) (emphasis added).
¶ 22. Here, the majority does not conclude that the trial court’s order that granted the Rule 12(b)(6) motion to dis *8 miss should be affirmed. Instead, during the de novo review of the trial court’s Rule 12(b)(6) order, the majority of this Court “converts” the Rule 12(b)(6) motion to a Rule 56 motion for summary judgment. Under Sullivan, it is crystal clear that this Court, or any court, cannot convert the motion from Rule 12(b)(6) to Rule 56 and consider evidence outside the pleadings, until after the non-movant is given ten days’ notice as required by Rule 56(c). Sullivan, 19 So.3d at 1275 (¶16). The majority chooses not to recognize this clear pronouncement of the proper application of the procedural rule. I cannot ignore the non-movant’s right to receive ten days’ notice before this Court converts a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment.
¶ 23. I am of the opinion that both the trial court and this Court are required to provide notice of the Court’s intent to convert this matter from a motion to dismiss under Rule 12(b)(6) to a motion for summary judgment under Rule 56. Since the trial court did not provide the required notice and this Court has not provided the required notice, I am of the opinion that current Mississippi law requires that we reverse the judgment of dismissal and remand this matter for further proceedings, which may include the trial court’s conversion of the motion to dismiss to a motion for summary judgment with the appropriate notification.
¶ 24. For these reasons, I respectfully dissent.